| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:18CR525** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRANDON L. SHERIDAN, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant Justin D. Martin's Motion to Suppress and for a Hearing pursuant to *Franks v. Delaware* because the search affidavit violated the Fourth Amendment. (Doc. 67). For the following reasons, the Court **DENIES** the Motion in its entirety, without a hearing.

## I. BACKGROUND FACTS

In January of 2018, the City of Akron Police Department, led by the Akron Narcotic Detail, attempted to buy narcotics from Defendant at 106 Lake Street, Akron, Ohio 44301 (the "Residence"). In order to do so, the detectives enlisted a confidential source (the "CS") who has previously provided the narcotics team information in the past. During the first week of January 2018, officers conducted their operation. The CS, with government funds, purchased a quantity of methamphetamine from Defendant.

Based on this controlled purchase, the authorities were able to obtain a Search Warrant for the Residence. Upon executing the search, investigators uncovered controlled substances and fourteen firearms.

On September 11, 2018, a Grand Jury indicted Defendant and his codefendant Brandon Sheridan with one count of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, a violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Doc. 8).

However, Defendant claims the controlled purchase is bogus. On January 27, 2020, Defendant filed the instant Motion to Suppress claiming he never sold any narcotics to an informant during the alleged time period. On February 3, 2020, the Government filed its Opposition.

## II. LAW & ANALYSIS

### A.      Standard of Review

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion" and exists "when there is a 'fair probability' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular

place." *United States v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied*, 543 U.S. 1095

(2005) (citing *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).

In *Illinois v. Gates*, the Supreme Court announced the basic standard for determining

whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], …there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

426 U.S. 213, 238-39 (1983) (emphasis added); *see also United States v. Helton*, 314 F.3d 812,

819 (6th Cir. 2003); *Davidson*, 939 F.2d at 859.

A finding of probable cause "should be paid great deference by reviewing courts."

*Gates*, 462 U.S. at 236. However, reviewing courts must ensure that the issuing magistrate or

judicial officer did "not serve merely as a rubber stamp for the police." *United States v. Leon*,

468 U.S. 897, 914 (1984) (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)). Further,

reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the

magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915

(quoting *Gates*, 462 U.S. at 239)).

A reviewing court concerns itself with only those facts which appear within the four

corners of the affidavit. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing

*Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 324

(6th Cir. 1973). There is a presumption of validity with respect to affidavits supporting search

warrants. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, if the affidavit contains

false statements that are shown to have been made knowingly and intentionally, or with reckless

disregard for the truth, and if those false statements were necessary to the finding of probable cause, the evidence seized pursuant to the warrant will be suppressed. *Id.* at 155-56. Inaccurate statements that are the result of mere negligence or mistake do not fall within the framework of *Franks*. *Id.* at 171. A *Franks* claim entails a two-part analysis: (1) whether the defendant has shown by a preponderance of the evidence that the false statements were deliberately or recklessly made; and (2) "whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

Defendant argues he is entitled to a *Franks* hearing because the Affidavit contained false and misleading information. To be entitled to a hearing, Defendant has a heavy burden. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Defendant's "allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth." *Id.* (citing *Franks*, 438 U.S. at 171). Moreover, Defendant should accompany his allegations with an offer of proof, such as "[a]ffidavits or sworn or otherwise reliable statements of witnesses." *Franks*, 438 U.S. at 171.

## B.     False Statements Made Deliberately or Recklessly

Defendant claims the following paragraph of the Affidavit is false and misleading:

> Affiant, within the past seven days, made a controlled narcotics purchase from [Defendant]…using [a confidential source] at the [Residence]. The source was searched by Akron Narcotics detectives and was found not to be in possession of any controlled substances or currency. The source was provided with APD funds. Upon return, the source delivered to affiant a quantity of Methamphetamine that the source stated was sold to the source by [Defendant] with the funds previously provided. The source was again searched and found again not to be in possession of controlled substances or currency.

According to Defendant, the Paragraph is false because there was no controlled purchase. To support his contention, Defendant offers his own affidavit ("Defendant's Affidavit") in which he claims: "I did <u>not</u> sell narcotics to an informant in the first week of January 2018." (Doc. 67-2, PageID: 355) (emphasis supplied).

The Sixth Circuit has previously considered and rejected similar arguments. In *United States v. Caldwell*, the defendant submitted an affidavit where he denied participating in two controlled drug purchases. 114 Fed. App'x 178, 181 (6th Cir. Nov. 5, 2004). The defendant questioned both the existence of the source and the affiant-officer's truthfulness and reliability. *Id.* at 181-82. The Sixth Circuit rejected this argument and concluded that the defendant failed to make a substantial showing that the affiant-detective knowingly and intentionally, or with reckless disregard for the truth, included false statements in the affidavit. *Id.* at 182.

The *Caldwell* court relied heavily on *United States v. Rodriguez-Suazo*, 346 F.3d 637 (6th Cir. 2003). In *Rodriguez-Suazo*, the defendant contended that the confidential source who supplied the tip did not exist or that the affiant-officer falsified the information in the affidavit for search. 346 F.3d at 647. Rodriguez-Suazo attacked the affidavit for search by offering his own affidavit, denying the allegations against him. *Id.* The Sixth Circuit denied this line of attack, holding that an "attack on the veracity of the confidential informant's statements would be insufficient to meet [the] burden for a *Franks* evidentiary hearing without a substantial showing that the affiant's statements were intentionally or recklessly false." *Id.* at 648.

Similarly, Defendant's bare statement that he did not sell narcotics to the informant during the relevant period fails to meet his burden under *Franks*. Defendant offers no additional support for his statement. Moreover, even if true, Defendant's statement does not show that Detective Shoaff's statements "were intentionally or recklessly false." Detective Shoaff's

Affidavit allegation in Paragraph 2 outlines the procedure she used to preparing the information source for the controlled buy. This preparation was confirmed in the audio recordings proffered by the Government. The only questionable statement—that Defendant supplied the drugs—comes from information provided *by the confidential source*. However, Sixth Circuit case law is clear—"[t]he intentional[] or recklessly false statement must be made by the affiant herself, *not the non-governmental informant*." *Rodriguez-Suazo*, 346 F.3d at 648 (citing *Franks*, 438 U.S. at 171; *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998)).

### III. CONCLUSION

Defendant is not entitled to a *Franks* hearing. Defendant's conclusory Affidavit does not support a finding that Detective Shoaff's statement about the controlled purchase was either false or reckless. After considering the Affidavit for search *in toto*, the Court finds the Municipal Judge had a substantial basis for concluding that probable cause existed to search the Residence. Accordingly, the Court **DENIES** Defendant's Motion without a hearing.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**


**Dated: March 3, 2020**