UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR525 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JUSTIN DUANE MARTIN, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #195) of Defendant Justin Duane Martin for Release Pending Collateral Appeal and for Court-Appointed Appellate Defense Counsel.  For the following reasons, the Motion is denied in its entirety.

### I. BACKGROUND

In January of 2018, the City of Akron Police Department, led by the Akron Narcotic Detail, conducted a controlled buy of methamphetamine from Defendant at 106 Lake Street, a residence he shared with Co-Defendant Brandon Sheridan.  Law enforcement officials also researched Defendant Martin's criminal history, finding prior drug and violent convictions. Upon receiving a warrant from an Akron Municipal Court judge, detectives conducted a search of the residence on January 10, 2018.  The search uncovered controlled substances and fourteen firearms.

A federal grand jury indicted both Defendants with one count of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, a violation

of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Defendant filed a Motion to Suppress which was denied on March 3, 2020. He filed a second Motion to Suppress through new counsel; and that Motion was denied on May 17, 2021.

A Jury Trial was held from June 28, 2021 through July 1, 2021. The Jury found Defendant guilty of both Counts 1 and 2; and rendered a special verdict as to the quantity of methamphetamine each Defendant possessed with the intent to distribute, attributing less than 500 grams to Defendant Martin. At his October 28, 2021 sentencing, the Court found that the amount of methamphetamine in all the rooms of Defendant's house constituted "relevant conduct;" and consequently, the Court sentenced Defendant to 220 months on Count 1 and 60 months on Count 2, to run consecutively.

With the aid of appointed appellate counsel, Defendant appealed his sentence. The Sixth Circuit held that the District Court reasonably attributed all the jointly-trafficked methamphetamine to both Defendants during sentencing and did not therefore commit clear error. Defendant's sentence was affirmed on December 12, 2022. A Writ of Certiorari to the United States Supreme Court was denied on July 6, 2023.

Defendant filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 28, 2024.

## II. LAW AND ANALYSIS

**Motion for Release Pending Collateral Appeal**

Defendant asks to be released on bond pending adjudication of his Motion to Vacate. Defendant contends that the Court has the discretion to grant his request per 18 U.S.C. § 3145. However, by its terms, the Bail Reform Act of 1984, of which 18 U.S.C. § 3143 is a part, does

not apply to Section 2255 proceedings.  It applies to direct appeals, not to collateral attacks.

Defendant also lists factors he believes the Court should consider in allowing a bond: lack of bad faith, absence of vexatious conduct; meritorious claims; and no risk of failing to appear.  However, the factors Defendant cites are relevant to granting a bond pending a civil appeal.  They are inapposite to consideration of the release of a prisoner pending a collateral attack on his criminal conviction and sentence.

Defendant further insists that his Motion to Vacate has "arguable merit."  The Court notes that Defendant fully litigated two Motions to Suppress.  He was convicted after a Jury Trial.  Defendant's sentence was affirmed on appeal by the Sixth Circuit Court of Appeals.  The United States Supreme Court also denied a Writ of Certiorari.  Thus, the Court finds that Defendants' situation presents a weak justification for release on bond.

With regard to the rare and sparingly-used power to grant bail in a Section 2255 case, the Sixth Circuit has opined:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice."

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990).

In light of this rationale, Defendant's case is not an appropriate circumstance in which to apply this rarely-exercised power.  Defendant has shown neither a substantial claim of law based on the facts surrounding his Section 2255 Petition nor the existence of some circumstance making the request for bond exceptional and deserving of special treatment in the interests of justice.  Indeed, while the Court has not yet addressed the substance of Defendant's Section 2255 Petition, a preliminary review does not reveal a high probability of success on the merits; and

Defendant clearly cannot satisfy the standard applied by the Sixth Circuit in *Dotson*.

**Motion for Court-Appointed Counsel**

Defendant asks the Court to appoint counsel to assist him in seeking relief under 28 U.S.C. § 2255.  Defendant declares that he is financially unable to employ an attorney; and that lockdowns in the prison have impeded access to the research library and to the District Court.

A habeas petitioner has no constitutional right to counsel in a habeas proceeding.  *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

A prisoner's indigency alone is generally not a sufficient factor to warrant appointment of counsel.  *Murray v. Giarratano*, 492 U.S. 1 (1989) (holding that indigent habeas petitioners have no constitutional right to a court-appointed attorney); *see also Lavado v. Keohane*, 992 F.2d 601, 604–606 (6th Cir. 1993).

The Court is not persuaded that the interests of justice require the discretionary appointment of counsel.  Defendant's case is not significantly complex and does not require the assistance of experts.  Moreover, despite the alleged prison conditions, Defendant has filed a lengthy 26-page Petition; a Motion for Extension of Time; a 31-page Reply Brief; and the instant 10-page combined Motion.

Defendant has demonstrated that he is knowledgeable about his claims, familiar with how to present those claims using arguments and supporting authorities and capable of accessing sufficient resources within the prison facility to do so.

## III. CONCLUSION

Accordingly, the Motion (ECF DKT #195) of Defendant Justin Duane Martin for Release Pending Collateral Appeal and for Court-Appointed Appellate Defense Counsel is denied in its entirety.

**IT IS SO ORDERED.**

**DATE: 4/15/2025**      s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**