# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR525 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JUSTIN DUANE MARTIN, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #188) of Defendant Justin Duane Martin to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion to Vacate is denied without evidentiary hearing, as the docket and record of this case establish that Defendant is not entitled to any relief.

## I. BACKGROUND

In January of 2018, the City of Akron Police Department, led by the Akron Narcotic Detail, conducted a controlled buy of methamphetamine from Defendant at 106 Lake Street, a residence he shared with Co-Defendant Brandon Sheridan. Pursuant to a search warrant issued by an Akron Municipal Court judge, detectives conducted a search of the residence on January 10, 2018.

During the search, detectives recovered a total of 1,039.79 grams of methamphetamine, fourteen firearms, (four of which were reported stolen), and law-enforcement-issued body armor that was previously reported stolen from a Cuyahoga Falls police officer during a residential burglary. Detectives also found digital scales, drug packaging materials and the following items

in the bedroom where Defendant was found:

> A Taurus PT 1911, bearing serial number NFY67228 (reported stolen from Pennsylvania),
>
> A Taurus .38 special revolver, bearing serial number 987119,
>
> A Kel Tec 9mm firearm, bearing serial number RNL22,
>
> A Glock 19, 9mm, bearing serial number FAX819,
>
> A USFA .22 caliber "zip gun," bearing serial number AAG953,
>
> A Smith and Wesson .38 caliber revolver, bearing serial number CSB4208 (reported stolen from Wayne County, Ohio),
>
> A Stevens model 350 12-gauge shotgun, bearing serial number 120281K, and
>
> A Hi Point 9mm rifle, bearing serial number A02218 (reported stolen from Houston, Texas).

In addition, the search recovered approximately $700 in United States currency, miscellaneous paperwork with Defendant's name on it, a box of drug scales and miscellaneous ammunition.

A federal grand jury indicted both Defendant Sheridan and Defendant Martin with one Count of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and one Count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, a violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Defendant filed a Motion to Suppress which was denied on March 3, 2020.  He filed a second Motion to Suppress through new counsel; and that Motion was denied on May 17, 2021.

A Jury Trial was held from June 28, 2021 through July 1, 2021.  The Jury found

Defendant guilty of both Counts 1 and 2; and rendered a Special Verdict as to the quantity of

methamphetamine each Defendant possessed with the intent to distribute, attributing less than

500 grams to Defendant Martin.  At his October 28, 2021 sentencing, the Court found that the

amount of methamphetamine in all the rooms of Defendant's house constituted "relevant

conduct;" and consequently, the Court sentenced Defendant to 220 months on Count 1 and 60

months on Count 2, to run consecutively.

With the aid of appointed appellate counsel, Defendant appealed his sentence.  The Sixth

Circuit held that the District Court reasonably attributed all the jointly-trafficked

methamphetamine to both Defendants during sentencing and did not therefore commit clear

error.  Defendant's sentence was affirmed on December 12, 2022.  A Writ of Certiorari to the

United States Supreme Court was denied on July 6, 2023.

Defendant filed this timely Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 28,

2024, listing ten grounds for relief.  The Government responded and Defendant filed a Reply

Brief.

## II. LAW AND ANALYSIS

### Motion to Vacate Sentence

Under § 2255, a federal prisoner may obtain relief if his sentence violates the

Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the

sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255(a); *Mallett v. United

States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the

movant must allege as a basis for relief:  '(1) an error of constitutional magnitude; (2) a sentence

imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to

render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). Any non-constitutional error must demonstrate a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

A proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been addressed by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. Where the record shows that the movant is not entitled to relief, the movant is likewise not entitled to a hearing and the court may deny relief based on the record. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

**Ineffective Assistance of Counsel**

One type of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment. The standard outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) governs ineffective assistance of counsel claims. To prevail,

a movant must prove:  (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant.  *Id.* at 687.  To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different."  *Id*. at 694-95.  The Court "must consider the totality of the evidence" in assessing prejudice.  *Id*. at 695.  The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'"  *Id.* at 730.

## **Ground One**

Defendant asserts that he is entitled to relief because of an amendment to the Sentencing Guidelines, Subsection 1B1.3(c) (effective 11/1/2024), which provides that "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court."  The jury in the within matter specifically found Defendant Martin guilty of possessing less than 500 grams of methamphetamine; but his sentence was calculated by factoring in all the methamphetamine recovered from the Lake Street house.

This amendment was not in effect at the time of Defendant's sentence, appeal, nor his Motion to Vacate.  In any event, Application Note 10 to §1B1.3(c) instructs:  "There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction.  In those cases, the court is in the best position to determine whether such

overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct."

Although the Sixth Circuit panel did not have the benefit of the Guidelines amendment, the Appeals Court rationale is in line with it:  "So long as the relevant conduct is supported by a preponderance of the evidence and the ultimate sentence does not exceed the statutory maximum, an enhancement based on such conduct is allowed" . . . and . . .  "the district court reasonably attributed all the jointly trafficked methamphetamine to both defendants during sentencing, and doing so does not constitute clear error" . . . "Martin's resulting enhanced sentence—280 months—is below the statutory maximum penalty established by the jury's verdict—480 months—so his sentence is procedurally reasonable and therefore not an abuse of discretion."  (ECF DKT #177 at 5, 6).

Defendant also argues that his trial and appellate counsel were ineffective for failing to raise the "relevant conduct" objection to his sentence.  The record shows that trial counsel posed objections to the sentencing calculation:  "It's our position that he should only be accountable for any drugs that were found in the room, which was actually 103 grams of meth."  (ECF DKT #169 at 5).  The trial court was not persuaded; and the same arguments were raised and rejected on appeal to the Sixth Circuit.

Even adopting Defendant's characterization of his trial and appellate counsel's alleged failures, Ground One fails.  A finding of deficiency requires the petitioner to "prove that counsel's representation was not merely below average, but rather that it 'fell below an objective standard of reasonableness.'"  *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688).  Courts "employ a 'strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Id*. (quoting *Strickland*, 466 U.S. at 689); *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

Defendant does not merit relief on Ground One of his Motion.

**Ground Two**

Defendant contends that he should have been spared the imposition of a mandatory minimum sentence because of the "Safety-Valve" provision in 18 U.S.C. § 3553(f).

First, Defendant did not raise this objection on direct appeal; so, it is not appropriate for consideration on a § 2255 motion. Next, Defendant insists his attorneys were ineffective for not asserting the "Safety-Valve" argument. However, such an argument would have been frivolous and futile. Lastly, by the terms of the statute, Defendant is not entitled to relief.

Under the "Safety-Valve" provision of the Sentencing Guidelines, a district court may disregard a mandatory minimum sentence if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5). The "defendant bears the burden of proving by a preponderance of the evidence that he is entitled to relief under the safety valve." *United States v. Allen*, Case No. 23-6054, 2024 WL 4929726, *5 (6th Cir. Dec. 2, 2024), citing *United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019).

The criterion in 18 U.S.C. § 3553(f)(2) is: "**the defendant did not** use violence or credible threats of violence or **possess a firearm or other dangerous weapon** (or induce another participant to do so) **in connection with the offense**." (Emphasis added). The record

clearly shows that firearms were found near the drugs in Defendant's room and in other locations in the residence.  Per the Sixth Circuit (ECF DKT #177 at 2):  "Martin was found down the hall in the northeast bedroom.  In the same room, law enforcement found, among other things, eight firearms, body armor, $700 in cash, paperwork with Martin's name on it, and about 103 grams of suspected—later confirmed— methamphetamine."

It is undisputed that Defendant possessed weapons in connection with a drug offense. The "Safety-Valve" provision does not apply to Defendant and Ground Two of his Motion is baseless.

**Ground Three**

Defendant asserts that there is no evidence that Defendant "opened or maintained 106 Lake Street" to manufacture or distribute a controlled substance; so, the Court imposed an unfair "drug premises" enhancement.

The record evidence shows that Defendant identified 106 Lake Street as his residence for purposes of his driver's license and subsequently in the Pre-Sentence Report.  At sentencing (ECF DKT #169 at 12) the Government's evidence showed:   "And we did a controlled buy at the house, they had surveillance on the house, complaints on the house, and that's what led to this search warrant and all this evidence that we uncovered.  So this was Mr. Martin's house that he invited Mr. Sheridan into, and this is what they were doing as a joint venture."  Then, the Court acknowledged the facts (ECF DKT 169 at 16):  "Since the defendant maintained a premises for the purposes of distributing a controlled substance, we increase by 2."  Further, according to the Sixth Circuit opinion (ECF DKT #177 at 5):  "Martin does not challenge his possession of the Lake Street house, nor that the house was "maintain[ed] for the purposes of

-8-

distributi[on]."

Based upon the evidence gathered for the search warrant, recovered from the search and produced at trial and sentencing, it would have been fruitless for counsel to make this argument on direct appeal.  Ground Three does not entitle Defendant to any relief.

**Ground Four**

Defendant repeats his contention that the Court at his sentencing improperly considered all the drugs found in the house, not the amount found in his bedroom.  Defendant again points to his representation on appeal in this regard as deficient.

As previously noted, the Court appropriately considered the evidence throughout the residence and the joint activity of the two Defendants as "relevant conduct."  Trial counsel and appellate counsel made objections at sentencing and on appeal that were found unpersuasive. That conduct does not equate to ineffectiveness.  In order to find counsel's representation constitutionally defective, Defendant must prove that the representation "fell below an objective standard of reasonableness."  *Dado*, 759 F.3d at 563 (quoting *Strickland*, 466 U.S. at 688).

Defendant's argument in Ground Four is unavailing.

**Ground Five**

Defendant contends that the Government provided insufficient evidence of a controlled buy or that there was an agreement with his Co-Defendant to sell drugs out of the Lake Street residence.  Defendant also accuses the Assistant U.S. Attorney of providing false, erroneous, inaccurate or otherwise unreliable information to the Court.

Defendant's position is untenable.  His attacks on the Assistant U.S. Attorney are vague and unsubstantiated accusations.  Moreover, insufficiency of the evidence is an issue properly

reserved for direct appeal.  Following two Motions to Suppress in which the Government

successfully established probable cause, and after a full trial and presentence investigation, the

evidence against Defendant is not in doubt.

Ground Five of Defendant's Motion fails.

**Ground Six**

In this portion of his § 2255 Motion, Defendant attacks the Indictment and the

corresponding sentence imposed.

Defendant contends that the Indictment charged, and the jury found Defendant guilty of

possessing *merely* a "mixture and substance containing a detectable amount of

methamphetamine" and not of possessing "pure" or "actual" meth.  Defendant objects that there

was no forensic laboratory testing done to determine the amount of "pure" or "actual" meth or

"ice" Defendant possessed.  Defendant argues that his sentence was unconstitutionally based on

possession of "actual" or "pure" meth and not on a "mixture" containing methamphetamine.

Defendant is incorrect.  The Indictment provided adequate notice of the charges, tracked

the language of the criminal statute (21 U.S.C. § 841) and included the elements of the charged

drug offense.  That is:

"Defendants did knowingly and intentionally possess with the intent to distribute at least

500 grams or more of a mixture and substance containing a detectable amount of

Methamphetamine, a Schedule II, controlled substance."

An expert forensic toxicologist testified at trial to the weight of the drugs found in the

residence and identified the drugs as containing methamphetamine.  Defendant had the

opportunity to cross-examine the expert about his testing methods and his findings.

-10-

Ultimately, the record shows that Defendant was sentenced based upon possession of a mixture or substance containing a detectable amount of methamphetamine.

Ground Six is not a basis for setting aside Defendant's sentence.

**Ground Seven**

Defendant complains that neither his counsel nor the Government's counsel called Detective Shoaff to the stand. Detective Shoaff provided her Affidavit in support of the Application for a search warrant to search the residence. Defendant claims that Detective Shoaff may have provided exculpatory testimony and furthermore he was denied his right to confrontation at trial. In addition, Defendant insists that the Detective's hearsay statements were part of the Pre-Sentence Report.

Any challenges to Detective Shoaff's Affidavit were thoroughly addressed in Defendant's two Motions to Suppress. The evidence which was the product of the Search Warrant was not suppressed on either occasion. Calling witnesses at trial is well within the professional judgment of counsel; and Detective Shoaff's testimony would have been unlikely to assist Defendant's case. Moreover, at sentencing, the Court is not limited to considering admissible evidence. "[C]onfrontation rights do not apply in sentencing hearings." *United States v. Silverman*, 976 F.2d 1502, 1510 (6th Cir. 1992). "[T]he law has long been established that various types of hearsay information may be considered by the sentencing judge." *Id*. 976 F.2d at 1511.

The Court finds that Defendant's Ground Seven is without merit.

**Ground Eight**

Defendant reiterates his objections to the Search Warrant, saying it was based on

-11-

falsehoods and unreliable information.

The Court considered and rejected these arguments in written opinions denying both of Defendant's Motions to Suppress.

Despite Defendant's assertions otherwise, it was completely within his appellate counsel's professional judgment to choose not to challenge the suppression rulings on appeal on the basis of futility.

**Ground Nine**

Defendant claims his trial counsel was ineffective in multiple respects:

- Counsel refused to call Detective Shoaff to testify.  Detective Shoaff was the lead investigator in the case against Defendant and would have likely offered testimony harmful to the defense.  Declining to call such a witness was a matter of sound professional judgment.

- Counsel refused to request a "Preponderance of Evidence Sentencing Evidentiary Hearing."  In light of comprehensive rulings on two suppression motions and following a full-blown jury trial, another evidentiary hearing would have been redundant.

- Counsel refused to raise the objections at sentencing that Defendant outlines in the instant 2255 Motion.  The record of the sentencing hearing reveals that defense counsel argued capably for a lesser sentence; and Defendant's current challenges are without merit.

- Counsel failed to object to "serious instances of prosecutorial misconduct."  Once again, this is an empty attack with no specific mention of any malfeasance by the Government's attorney.

Therefore, Defendant fails to prove that defense counsel's performance was deficient or that any deficiency prejudiced him.  His claim of ineffectiveness of trial counsel has no merit.

-12-

**Ground Ten**

Defendant's last claim is for ineffective assistance of appellate counsel. Defendant argues that appellate counsel "strategically refused to challenge the effectiveness of [his] trial counsel." This claim would not have been an appropriate issue for direct appeal; and as this Court has already determined, the challenge of ineffectiveness of trial counsel would have been unfounded. *See United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005); *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir.1990); *see also United States v. Brown*, 332 F.3d 363, 368 (6th Cir.2003).

Ground Ten provides no basis for the relief Defendant seeks.

### III. CONCLUSION

Defendant Justin Duane Martin has not demonstrated any errors in his sentence of constitutional or jurisdictional magnitude. Defendant has failed to identify facts that, if true, would entitle him to relief under § 2255. Accordingly, the Court finds that Defendant has failed to demonstrate any ground on which he is entitled to relief under § 2255. The Motion (ECF DKT #188) of Defendant Justin Duane Martin to Vacate under 28 U.S.C. § 2255 is denied without evidentiary hearing.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE: 4/23/2025**        **s/Christopher A. Boyko**
                          **CHRISTOPHER A. BOYKO**
                          **United States District Judge**

-13-