**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:18-CR-525** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JUSTIN D. MARTIN,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Justin D. Martin's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(1). (ECF # 204). The Government has responded in opposition. (ECF # 206).

## I. BACKGROUND

In January 2018, the Akron Police Department conducted a controlled buy of methamphetamine from Defendant at 106 Lake Street, a residence he shared with co-Defendant, Brandon Sheridan. Detectives searched the residence on January 10, 2018, pursuant to a search warrant. They recovered 1,039.79 grams of methamphetamine; fourteen firearms, four of which were reported stolen; law enforcement-issued body armor, also reported stolen; digital scales; cash; ammunition and drug packaging material.

A federal grand jury indicted both Defendants on one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and one count

of Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 2. After a trial, the jury found Defendant guilty on both counts. In a Special Verdict, the jury also attributed less than 500 grams of methamphetamine to Defendant Martin.

On October 28, 2021, the Court sentenced Defendant to 220 months on Count One and 60 months on Count 2, to run consecutively. At sentencing, the Court found that methamphetamine in all of the rooms of Defendant's house constituted "relevant conduct." Defendant appealed and on December 12, 2022, the Sixth Circuit affirmed, holding that the Court reasonably attributed the jointly trafficked methamphetamine to both Defendants.

On June 28, 2024, Defendant moved to vacate his sentence under 28 U.S.C. § 2255 and listed ten grounds for relief. On April 23, 2025, the Court denied that motion and denied a certificate of appealability. Defendant appealed and the Sixth Circuit construed the appeal as a request for a certificate of appealability and denied it.

Defendant now asks the Court to set aside its § 2255 denial, reopen the underlying § 2255 proceedings and reconsider Ground Six. Defendant also requests an evidentiary hearing to resolve factual disputes regarding "drug purity, the PSR's methodology and counsel's performance."

## II. STANDARD OF REVIEW

"A motion brought under Rule 60(b) is a second or successive habeas petition if it contains one or more "claims."" *In re Booker*, 797 F. App'x 959, 962 (6th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530-31, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). "[A] motion advances a "claim" when it 'seeks to add a new ground for relief' or 'if it attacks the federal court's previous resolution of a claim on the merits.' *Id*." (quoting *Gonzalez*, 545 U.S. at

532 (emphasis in the original)); *see also In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007). The latter is true because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532.

A Rule 60(b) motion may not attack the substance of the Court's resolution of a claim on the merits but, instead, must allege some defect in the integrity of the collateral proceedings. *Id.* Rule 60(b) allows a party to seek relief from judgment within a reasonable time for the following reasons: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) satisfied, discharged, or released judgment; or (6) any other reason that justifies relief. Fed R. Civ. P. 60(b).

## III. Analysis

Defendant contends that his Motion targets a defect in the § 2255 proceedings and that he is entitled to relief. Specifically, Defendant argues the prior § 2255 determination reflects a clear judicial error of fact and law because of the Court's "manifest judicial oversight in failing to address an unrefuted, record-backed contradiction between the government's own trial proof, [the] AUSA's explicit concession [and] probation's unverified 10-fold drug quantity multiplier." (ECF # 208). This argument faces two distinct insurmountable barriers. First, the Court is not persuaded by Defendant's assertion that he is not relitigating Ground Six of his § 2255 motion. While Defendant argues this instant motion is attacking the "structural defect in the integrity of the prior § 2255 proceedings," he continues to press arguments the Court has already considered and denied. (ECF # 208). Second, even if the Court evaluates the filing strictly as a Rule 60(b)(1) motion, Defendant's arguments fail to establish any valid ground for relief.

**1. Second or Successive § 2255 Motion**

As a threshold matter, the Court examines the true nature of Defendant's Rule 60(b)(1) Motion. Under *Gonzalez*, when a Rule 60(b) motion attacks a court's previous resolution of a claim on the merits, that motion operates as a second or successive habeas petition.

Defendant's prior § 2255 motion asserted ten grounds concerning his sentence, trial and indictment and the assistance provided by both trial and appellate counsel. Relevant here is Ground Six of that prior motion, where Defendant argued that no forensic laboratory testing determined the amount of "pure" or "actual" meth or "ice" and claimed his sentence was unconstitutionally based on possession of "actual" or "pure" meth, rather than a mixture containing methamphetamine. He further argued his counsel was ineffective for "refusing seek a preponderance of evidence sentencing evidentiary hearing" and "refusing to seek relief at sentencing for the grave errors set forth under herein Grounds 2-6."

The Court denied these claims, explaining that the record showed Defendant was sentenced based upon possession of a mixture or substance containing a detectable amount of methamphetamine as charged in the Indictment. The Court also found the ineffective assistance of counsel claim meritless because counsel argued for a lesser sentence. The Sixth Circuit agreed, noting Defendant had presented no evidence that his sentence rested on anything other than possession of a mixture or substance containing a detectable amount of methamphetamine and that the ineffective assistance claim was without merit.

Defendant nonetheless continues to relitigate his claim that the Court sentenced him for possessing pure or actual methamphetamine. Because Defendant challenges a substantive sentencing issue that both this Court and the Sixth Circuit have already rejected, rather than a

defect in how the § 2255 proceedings were conducted, his Motion falls squarely on the successive-motion side of the Sixth Circuit's distinction.

**2. Rule 60(b)(1) Motion**

The Court next considers whether Rule 60(b)(1) offers any avenue for relief from the alleged judicial mistake. Defendant contends that the Court erred by declining to hold an evidentiary hearing on a factual dispute over drug purity and by relying on the Presentence Investigation Report ("PSR"), leading to a higher base offense level. Defendant's argument misunderstands the function of Rule 60(b)(1). Rule 60(b)(1) corrects clerical errors, oversights, or inadvertent mistakes. It does not provide a vehicle for challenging the Court's prior ruling or expressing disagreement with a decision.

The Sentencing Guidelines distinguish varieties of methamphetamine: "methamphetamine (actual)" is pure methamphetamine; "ice" is "a mixture or substance containing [methamphetamine] of at least 80% purity"; and "methamphetamine" refers to "the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c), Notes to Drug Quantity Table (A)-(C). Because of their higher purity, the Guidelines recommend higher offense levels for methamphetamine (actual) and ice. Here, the Probation Office determined that Defendant was responsible for 1,039.79 grams of methamphetamine (actual), which was confirmed by laboratory testing, resulting in a base offense level of 34. (ECF # 118).

Defendant argues that this Motion falls under Rule 60(b)(1) because the Court erred when it "uncritically adopted a Presentence Investigation Report that converted an untested mixture into 100% actual/pure methamphetamine without a shred of chemical purity testing, resulting in an unverified ten-fold increase in Movant's Base Offense level." (ECF #208). Had Probation

attributed the same amount of a methamphetamine mixture to Defendant, the recommended base offense level would have been 30. U.S.S.G. § 2D1.1. Defendant points to trial testimony that the Government's expert did not test for purity. But that testimony was offered at trial, where the question was whether Defendant possessed a mixture or substance containing a detectable amount of methamphetamine, not its purity. It does not contradict the PSR's report that the seized substances were sent to a laboratory and confirmed as methamphetamine (actual). (ECF #118). Notably, Defendant never raised the issue of purity at sentencing. Instead, Defendant objected only to the quantity attributed to him, not the PSR's classification of the substance. By failing to object, Defendant accepted the PSR's factual findings and the Court was entitled to rely on them without further inquiry. *United States v. Davy*, 713 F. App'x 439, 448 (6th Cir. 2017); *see also United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (recognizing that a defendant's failure to object to the presentence report constitutes an acceptance of all factual allegations contained within it); *United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005) (same).

Even if purity could not be established, a district court may make a reasonable…estimate if that estimate is supported by the preponderance of the evidence." *United States v. Treadway*, 328 F.3d 878, 885 (6th Cir 2003). In making that estimate, a district court "may rely on any competent evidence in the record," although its "findings must have some minimum indicium of reliability beyond mere allegation." *Id*. at 884-85 (quoting *United States v. Hough*, 276 F.3d 884, 891 (6th Cir. 2002)); *see United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008) (stating that a district court may base its estimate "upon physical evidence (such as seized drugs) or testimonial evidence"). The undisputed PSR, which reported laboratory confirmation, satisfies that standard.

The Court committed no error in accepting the undisputed portions of the PSR as findings of fact and Defendant offers no valid argument that it erred in doing so. Fed. R. Crim. P. 32(i)(3)(A). Once Defendant failed to object to the PSR's treatment of the methamphetamine as actual methamphetamine, the PSR's calculation ceased to be a "mere allegation" and became an admission sufficient to support factual findings relevant to sentencing, without any independent factual finding. *See Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005). The Court had no need to make a separate finding on the type of methamphetamine when both the Government and the Defendant agreed with the PSR's treatment of it as actual methamphetamine.

Further, § 2255(b) explicitly provides that no evidentiary hearing is necessary when the existing records conclusively show that a prisoner is not entitled to relief. Here, the record conclusively establishes the validity of the sentence based on the jury verdict and statutory parameters. In denying Defendant's § 2255 motion without hearing, the Court specifically stated that the docket and record establish that Defendant is not entitled to relief and the Sixth Circuit agreed.

Although Defendant invokes Rule 60(b), the substance of his Motion controls. Defendant does not identify a procedural defect. Instead, he challenges the correctness of the Court's prior merits rulings.

## IV. CONCLUSION

Defendant's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(1) (ECF # 204) is construed as a second or successive motion under 28 U.S.C. § 2255. Because Defendant has not obtained authorization from the United States Court of Appeals for the Sixth Circuit, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2255(h). Accordingly, the Motion is dismissed

and transferred to the Sixth Circuit pursuant 28 U.S.C. § 1631. In the alternative, the Motion is construed under Fed. R. Civ. P. 60(b) and **DENIED**.

**IT IS SO ORDERED.**

**/s Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: October 28, 2026**